SO ORDERED.

SIGNED this 20 day of November, 2007.

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

**ROBERT E. BETHEL and**
**JEAN A. BETHEL**

      **DEBTORS**                          **CASE NO. 07-00808-8-JRL**

_____

## ORDER

This case is before the court on the trustee's objections to claims filed by LaChonta, Dave Witmer, and Kenneth E. Haigler and Tom Taft. On November 14, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

On March 5, 2007, Mr. and Mrs. Bethel ("debtors") filed for relief under chapter 7 of the Bankruptcy Code. On July 28, 2007, LaChonta filed a proof of an unsecured nonpriority claim against the debtors in the amount of $103,016 for goods sold to Bethel and Company, Inc., the debtors' North Carolina corporation. LaChonta alleges that it contracted to supply Bethel and Company, Inc. with outdoor hardwood furniture. LaChonta further alleges that Bethel and Company, Inc. suspended payments on March 19, 2006, and it now seeks to establish an unsecured nonpriority claim against the debtors.

The trustee objects to this claim on the basis that there is no evidence that the debtors are personally liable for their corporation's debt. Under North Carolina law, corporate officers are generally not personally liable for actions taken in their capacity as a corporate officer.[1] See N.C. Gen. Stat. § 55-8-30(d). This remains true even if the corporate officer is also the corporation's sole shareholder. N.C. Gen. Stat. § 55-6-22; see also Henderson v. Sec. Mortgage & Finance Co., 160 S.E.2d 39, 44 (N.C. 1968). Although the court does not dispute the validity of LaChonta's claim against the debtor's corporation, LaChonta does not assert any grounds upon which the debtors might be personally liable for corporate acts. Therefore, the court sustains the trustee's objection to this claim.

On July 18, 2007, Dave Witmer ("Witmer") filed a proof of an unsecured nonpriority claim against Mr. and Mrs. Bethel in the amount of $10,000 for a check made payable to "Bethel and Company." The trustee objects to this claim on the basis that there is no evidence that the debtors are personally liable for this debt. In response to the trustee's objection, Witmer has filed a letter with the court stating that the $10,000 check was a loan to cover operating expenses, and that it was to be paid back promptly. Witmer attaches a copy of this check to his response letter. There is no evidence that the debtors personally guaranteed the debt, nor is there evidence that the money was loaned to the debtors, personally. To the contrary, the check was issued to "Bethel and Company" and negotiated by "BETHEL AND CO DBA TYNDALL CREEK FURNITURE." The court sustains the trustee's objection to this claim.

On July 27, 2007, Kenneth E. Haigler and Tom Taft filed a proof of a secured claim against Mr. and Mrs. Bethel in the amount of $125,684.38 for real estate, attaching an unrecorded deed of trust

---

[1]LaChonta alleges, and Bethel & Company, Inc.'s corporate documents filed with the North Carolina Secretary of State indicate, that Mr. Bethel is the President of Bethel & Company, Inc.

2

on the debtors' personal residence.  The trustee objects to this claim because the claimants did not obtain a determination of secured status pursuant to 11 U.S.C. § 506.  At the November 14, 2007 hearing, the trustee represented to the court that the claimants have agreed to enter into a consent order allowing their claim as an unsecured nonpriority claim.  Entry of the consent order when tendered will resolve this objection.

**"END OF DOCUMENT"**